# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN TIBETAN HEALTH INSTITUTE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAM NG, an individual, C&L INTERNATIONAL TRADING INC., a New York corporation, KANG LI TRADING INC., a New York corporation, and K&C INTERNATIONAL TRADING INC., a New York corporation,<br><br>Defendants. | Case No.: 13cv2763HB<br>ECF Case<br>**ORDER TO SHOW CAUSE   FOR PRELIMINARY INJUNCTION ~~AND TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER~~** |

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5\1\13
```

Upon the affidavits of Shirley Lee, Anna Li, Daniel Liu, Dr. Qiong Zhang Shen, Brian I. Marcus and Otto O. Lee, ~~sworn to the _____ day of _____, _____,~~ and upon the copy of the complaint hereto annexed, it is

ORDERED, that the above named defendant show cause before a motion term of this Court, at Room 23B , United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on May 6, 2013 , at o'clock in the 11:30 fore noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendants during the pendency of this action from:

1. Interfering with American Tibetan Health Institute Inc.'s business relations with its clients, intimidating its clients, and distributing correspondence or materials to American Tibetan Health Institute Inc.'s known clients and recipients of the March 15, 2013 letter;

Order to Show Cause for Preliminary Injunction and Temporary Restraining Order

2.  Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation or American Tibetan Health Institute, Inc.'s TIBETAN BAICAO TEA trademark;

3.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, imported, distributed, or sold by Defendants are in any manner associated or connected with American Tibetan Health Institute, Inc., or are sold, manufactured, licensed, sponsored, approved or authorized by American Tibetan Health Institute, Inc.;

4.  Using any of American Tibetan Health Institute, Inc.'s copyrighted material contained in Registration No. VA 1-855-049 ( "Infringing Goods"), or any of its trademarks (Serial No. 85590233, Serial No. 85590288, Serial No. 85066614, Serial No. 85577000, Serial No. 85894301) or any other confusingly similar mark in any manner, on their goods;

5.  Selling or offering to sell, manufacturing, supplying, distributing, making, or importing into the United States any TIBETAN BAICAO TEA product; ~~and further~~ and to resolve at the hearing or pending further order of this court ~~ORDERED TO:~~ the following concerns:

6.  Issue a statement retracting its letter dated March 15, 2013 to all its recipients;

7.  Issue a public apology to American Tibetan Health Institute Inc. for falsely stating Defendants own American Tibetan Health Institute Inc.'s TIBETAN BAICAO TEA trademark;

8.  Publish a statement retracting their letter dated March 15, 2013 and publish a statement making an apology to American Tibetan Health Institute, Inc. for falsely stating it owns American Tibetan Health Institute, Inc.'s TIBETAN BAICAO TEA trademark. These statements shall be published in the *Sing Tao Daily* newspaper, and in any other newspapers in

which Kang Li Trading Inc. published its letter dated March 15, 2013, and are to be published

daily for a consecutive number of days equal to the number of days the Kang Li Trading Inc.

published its letter dated March 15, 2013 in each newspaper; ~~and it is further~~

~~ORDERED~~ that, the United States Marshal for this District and all other Districts within

the geographic confines of the United States of America, and/or any federal or state, county or

local law enforcement authorities in this District and all other Districts within the geographic

confines of the United States of America or its protectorates ("the Marshal"), assisted by one or

more attorneys or representatives of American Tibetan Health Institute, Inc., is hereby authorized

and directed to seize, impound, and deliver to American Tibetan Health Institute, Inc. or its

representatives any and all Infringing Goods, as well as advertising or marketing materials for

the same and any means for making the same; the books and records (including computer tapes

or disks) relating thereto; and the containers in which the same are held or transported, which

Defendants sell, attempt to sell, or holds within the geographic confines of the United States,

from the date ~~this~~ Such order is signed ~~until midnight on_____, 2013, it is further~~

~~ORDERED~~ that, the Marshal, assisted by one or more attorneys or representatives of

American Tibetan Health Institute, Inc., is hereby authorized to seize and impound all Infringing

Goods, as well as advertising or marketing materials for the same and any means for making the

same; the books and records (including computer tapes or disks) relating thereto; and the

containers in which the same are held or transported in the possession of the Defendants,

employing whatever reasonable force is necessary under the circumstances to carry out the

seizure, including that necessary to enter the premises owned, leased, or controlled by the

Defendants, and/or such other location and things to be searched where infringing products and

business records relating thereof may be found, and to inspect the contents of any rooms,

vehicles, closets, cabinets, containers, cases, desks, computers, databases, and software or

documents located in the areas under the control of the Defendants; ~~It is further~~

~~ORDERED that,~~ to enforce compliance with this Order, the attorneys for American

Tibetan Health Institute, Inc. or their designee will accompany the Marshal and those persons

working under his supervision, and the Marshal shall inventory items so seized. Such items shall

be in the constructive possession of the Marshal although they shall be released to the custody of

the attorneys for American Tibetan Health Institute, Inc. or storage at location(s) to be designated

by the attorneys of American Tibetan Health Institute, Inc. All products, means of making the

product, packaging for the product, and other items seized shall be appropriately tagged to permit

identification. Defendants shall be given a receipt therefore. Such products seized shall be made

available for inventory or inspection by any party or its counsel during normal business hours; ~~It is further~~

~~ORDERED that,~~ anyone interfering with the execution of ~~this~~ such Order is subject to arrest

by the Marshal or his representative; ~~It is further~~

~~ORDERED that,~~ counsel for American Tibetan Health Institute, Inc., on whose behalf the

Court issues ~~this~~ such Order, will act as a substitute custodian of any and all property seized pursuant

to ~~this~~ such Order and shall hold harmless the Marshal from any and all claims asserted by any court

or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and

possession of the Defendants' property, including any third party claims; ~~It is further~~

~~ORDERED that,~~ Defendants, its agents, servants, employees, officers, attorneys,

successors, and assigns, and all persons, firms, and corporations acting in concert or participation

with Defendants shall give to the Marshal or other law enforcement officers correct names,

Social Security Numbers, driver's license numbers, passport information, visa information, residential and business addresses, and phone numbers for all individuals in any way involved in the acts alleged by the Plaintiff; and locations and places where the Infringing Goods are or have been stored; ~~It is further~~

~~ORDERED that~~, when executing the seizure and impoundment provisions of ~~this~~ such Order, the Marshal shall serve only a copy of ~~this~~ such Order, the Summons and Complaint, by leaving them at the usual places of business of the Defendants, or any agent of the Defendants, or at the place where Infringing Goods are found, with any person of suitable age and discretion, and that such service shall be deemed adequate and proper to give notice to Defendants of the terms of this Order and of the hearing on American Tibetan Health Institute, Inc.'s request for a Preliminary Injunction. American Tibetan Health Institute, Inc. shall promptly provide copies of all documents filed in support of ~~this~~ such Order to any party or its attorney of record requesting such documents; ~~It is further~~

~~ORDERED that,~~ American Tibetan Health Institute, Inc.'s attorneys or agents shall promptly inspect all items seized, and if any items are found to be non-infringing products, such items shall be returned to Defendants within fifteen (15) business days after the date ~~this~~ such Order is executed.

~~It is further ORDERED that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the defendant is temporarily restrained and enjoined from:~~

1. Interfering with American Tibetan Health Institute Inc.'s business relations with its clients, intimidating its clients, and distributing correspondence or materials to American Tibetan Health Institute Inc.'s known clients and recipients of the March 15, 2013 letter;

2. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation or American Tibetan Health Institute, Inc.'s TIBETAN BAICAO TEA trademark;

3. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, imported, distributed, or sold by Defendants are in any manner associated or connected with American Tibetan Health Institute, Inc., or are sold, manufactured, licensed, sponsored, approved or authorized by American Tibetan Health Institute, Inc.;

4. Using any of American Tibetan Health Institute, Inc.'s copyrighted material contained in Registration No. VA 1-855-049 ("Infringing Goods"), or any of its trademarks (Serial No. 85590233, Serial No. 85590288, Serial No. 85066614, Serial No. 85577000, Serial No. 85894301) or any other confusingly similar mark in any manner, on their goods;

5. Selling or offering to sell, manufacturing, supplying, distributing, making, or importing into the United States any TIBETAN BAICAO TEA product; and further

ORDERED TO:

6. Issue a statement retracting its letter dated March 15, 2013 to all its recipients;

7. Issue a public apology to American Tibetan Health Institute Inc. for falsely stating it owns American Tibetan Health Institute Inc.'s TIBETAN BAICAO TEA trademark;

8. Publish a statement retracting their letter dated March 15, 2013 and publish a statement making an apology to American Tibetan Health Institute, Inc. for falsely stating it owns American Tibetan Health Institute, Inc.'s TIBETAN BAICAO TEA trademark. These statements shall be published in the *Sing Tao Daily* newspaper, and in any other newspapers in which Kang Li Trading Inc. published its letter dated March 15, 2013, and are to be published daily for a consecutive number of days equal to the number of days the Kang Li Trading Inc. published its letter dated March 15, 2013 in each newspaper; and it is further

ORDERED that, the United States Marshal for this District and all other Districts within the geographic confines of the United States of America, and/or any federal or state, county or local law enforcement authorities in this District and all other Districts within the geographic confines of the United States of America or its protectorates ("the Marshal"), assisted by one or more attorneys or representatives of American Tibetan Health Institute, Inc., is hereby authorized and directed to seize, impound, and deliver to American Tibetan Health Institute, Inc. or its representatives any and all Infringing Goods, as well as advertising or marketing materials for the same and any means for making the same; the books and records (including computer tapes or disks) relating thereto; and the containers in which the same are held or transported, which Defendants sell, attempt to sell, or holds within the geographic confines of the United States, from the date this order is signed until midnight on _____, 2013; It is further

ORDERED that, the Marshal, assisted by one or more attorneys or representatives of American Tibetan Health Institute, Inc., is hereby authorized to seize and impound all Infringing Goods, as well as advertising or marketing materials for the same and any means for making the same; the books and records (including computer tapes or disks) relating thereto; and the

~~containers in which the same are held or transported in the possession of the Defendants,~~ ~~employing whatever reasonable force is necessary under the circumstances to carry out the~~ ~~seizure,~~ including that necessary ~~to enter the premises owned, leased, or controlled by the~~ ~~Defendants, and/or such other location and things to be searched where~~ infringing products and ~~business records relating thereof may be found, and to inspect the contents of any rooms,~~ ~~vehicles, closets, cabinets, containers, cases, desks, computers, databases, and software or~~ ~~documents located in the areas under the control of the Defendants; It is further~~

~~ORDERED that,~~ to enforce compliance ~~with this Order, the attorneys for American~~ ~~Tibetan Health Institute, Inc. or their designee will accompany the Marshal and those persons~~ ~~working under his supervision, and the Marshal shall inventory~~ items so seized. ~~Such items shall~~ ~~be in the constructive possession of the Marshal although they shall be released to the custody of~~ the attorneys for American Tibetan Health Institute, ~~Inc. or storage at location(s) to be designated~~ ~~by the attorneys of American Tibetan Health Institute, Inc. All products, means of making~~ the ~~product, packaging for the product, and other items~~ seized shall be ~~appropriately tagged to permit~~ ~~identification. Defendants shall be given a receipt therefore.~~ Such products seized shall be made ~~available for inventory or inspection by any party or its counsel during~~ normal business hours; ~~It~~ ~~is further~~

~~ORDERED that, anyone interfering with the execution of this Order is subject to arrest~~ ~~by the Marshal or his representative; It is further~~

~~ORDERED that, counsel for American Tibetan Health Institute, Inc., on whose behalf the~~ Court issues this Order, will act as a substitute custodian ~~of any and all property~~ seized pursuant to this Order and shall hold harmless the Marshal ~~from any and all claims asserted by any court~~

or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third party claims; It is further

ORDERED that, Defendants, its agents, servants, employees, officers, attorneys, successors, and assigns, and all persons, firms, and corporations acting in concert or participation with Defendants shall give to the Marshal or other law enforcement officers correct names, Social Security Numbers, driver's license numbers, passport information, visa information, residential and business addresses, and phone numbers for all individuals in any way involved in the acts alleged by the Plaintiff, and locations and places where the Infringing Goods are or have been stored; It is further

ORDERED that, when executing the seizure and impoundment provisions of this Order, the Marshal shall serve only a copy of this Order, the Summons and Complaint, by leaving them at the usual places of business of the Defendants, or any agent of the Defendants, or at the place where Infringing Goods are found, with any person of suitable age and discretion, and that such service shall be deemed adequate and proper to give notice to Defendants of the terms of this Order and of the hearing on American Tibetan Health Institute, Inc.'s request for a Preliminary Injunction. American Tibetan Health Institute, Inc. shall promptly provide copies of all documents filed in support of this Order to any party or its attorney of record requesting such documents; It is further

ORDERED that, American Tibetan Health Institute, Inc.'s attorneys or agents shall promptly inspect all items seized, and if any items are found to be non-infringing products, such items shall be returned to Defendants within fifteen (15) business days after the date this Order is executed. It is further

~~ORDERED that security in the amount of $_____ be posted by the plaintiff prior to~~ ✓

~~_____, _____, at _____ o'clock in the _____ noon of that day; and it is further~~ ✓

It is further

ORDERED that personal service of a copy of this order and annexed affidavit upon the

defendant or his counsel on or before 12 o'clock ~~p.m.~~ Neo N ~~noon~~, May 2, 2013 ✓

_____, shall be deemed good and sufficient service thereof. and answering papers ✓

to be served and filed on the return date of this O/S/C.

DATED: New York, New York

ISSUED: 5/1/13 AT 1:30 PM

_____
United States District Judge

Order to Show Cause for Preliminary Injunction and Temporary Restraining Order