USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN TIBETAN HEALTH INSTITUTE, INC.,

Plaintiff,

-against-

KAM NG, C&L INTERNATIONAL TRADING, INC., KANG LI TRADING, INC. and K&C INTERNATIONAL TRADING, INC.,

Defendants.

Civ. 13-CV-2763 (LLS)

~~[PROPOSED]~~ **STIPULATED ORDER FOR TEMPORARY RELIEF**

ECF CASE

WHEREAS Plaintiff American Tibetan Health Institute, Inc. ("ATHI") commenced this action on April 25, 2013; and,

WHEREAS Plaintiff ATHI presented to this Court a proposed Order to Show Cause for certain temporary and preliminary relief, and,

WHEREAS this Court signed Plaintiff's Order to Show Cause for preliminary relief on May 1, 2013 and set the matter down to be heard on May 6, 2013; and,

WHEREAS the Plaintiff and Defendants having appeared by Counsel, and the matter having regularly come on to be heard before the Court; and,

WHEREAS Defendant C&L International Trading, Inc. having commenced a related case on April 22, 2013 captioned *C&L International Trading, Inc. and Kam Ng v. Chung Kee (USA) International, Inc., Yat Chau (USA) Inc., Tung Ren Tang, Ron Fend Trading, Inc., Fargo Trading, Inc., Yong Long Supermarket, Inc., and Po Wing Hong Food Market, Inc.*, (SDNY 13-cv-2638) which was assigned to the Honorable Louis L.

Stanton, U.S.D.J.; and,

WHEREAS the transfer of the present case to Judge Stanton occurred May 7, 2013; and,

WHEREAS ~~the Plaintiff's Order to Show Cause in the present action~~ a preliminary injunction hearing has been scheduled ~~for a hearing~~ before Judge Stanton ~~on~~ for May 21, 2013 at 2:30PM; and

WHEREAS the parties have following a hearing before Judge Harold Baer Jr. agreed to the following temporary relief,

NOW upon the motion of the Plaintiff ATHI it is hereby

ORDERED that Defendants shall forthwith prepare a letter (the "Letter") containing the language in attachment "A" hereto and formatted substantially as the Defendant's March 15, 2013 letter (except without the words and characters "Tibetan Baicao Tea" in the letterhead), Defendants' March 15, 2013 letter being attached ~~to this~~ hereto as attachment "B"; and,

IT IS FURTHER ORDERED that the Letter shall be signed by Kam Ng for Kang Li Trading, Inc., attorneys Frederick Shotkin and Ming Chu Lee; and,

IT IS FURTHER ORDERED that the Defendants shall forthwith furnish Plaintiff's counsel an executed copy of the Letter via facsimile and federal express; and,

IT IS FURTHER ORDERED that Defendants shall forthwith, but in no case later than May 15, 2013 commence publication of the Letter in the Sing Tao Daily newspaper and any and all other media (print or otherwise) in which Defendants published their March 15, 2013 letter; and,

IT IS FURTHER ORDERED that the Defendants shall publish the Letter in the same manner and with the same frequency that they published the March 15, 2013 letter, which in the case of the Sing Tao Daily shall be: every other day for two weeks; a) in a quarter page color ad, b) with a Chinese translation next to the Letter (Defendants shall

not advertise their products in the publication), but c) the ad shall not contain any advertising matter or additional matter; and,

IT IS FURTHER ORDERED that the Plaintiff shall have final approval over the publication of the Letter in all media and Defendants shall furnish the Plaintiff's counsel with proofs and/or any other pre-publication review material available and permit Plaintiff a reasonable period of time to review the publication;

IT IS FUTHER ORDERED that Defendants shall cease and desist, prior to the hearing ~~of the Plaintiff's Order to Show Cause~~ on May 21, 2013, from manufacturing, selling, distributing or marketing Tibetan Baicao Tea in or with the packaging marked as Exhibit "1" at the hearing on May 6, 2013 and which was referred to as the Plaintiff's packaging and/or the "Old Packaging" which packaging has, *inter alia*, the following features: Plaintiff's Horse Logo, and Plaintiff's tea pot logo;

NB

IT IS FURTHER ORDERED that Defendants shall forthwith, and in no case later than May 10, 2013 provide Plaintiff with a certified list of the recipients of the March 15, 2013 letter; and,

IT IS FURTHER ORDERED that the Defendants shall forthwith, but no later than May 10, 2013 send a copy of the Letter to the original recipients of the March 15, 2013 letter and furnish Plaintiff with an affidavit of service.

**IT IS SO ORDERED**

**Dated:** 5/13/13

Harold Baer
The Honorable Harold Baer, Jr.
UNITED STATES DISTRICT JUDGE

May. 9. 2013 3:30PM Case 1:13-cv-02763-LLS Document 23 Filed 05/14/13 Page 4 of 7 No. 0372 P. 7/10

Attachment "A"

# ATTENTION

From: Kang Li Trading Inc.

C&L International Trading Inc.

Giuttari & Mertz Law Office P.C.

Re:  TIBETAN BAICAO TEA TRADEMARK

Date: May 06, 2013

Dear all:

Please be advised that Kang Li Trading Inc. hereby withdraws the unfortunate letter dated March 15, 2013, which mistakenly claimed ownership of the TIBETAN BAICAO TEA trademark application no. 85577000 which belongs to American Tibetan Health Institute, Inc. This letter is issued by stipulated order signed by The Hon. Harold Baer, Jr., Federal District Judge of the United States District Court for the Southern District of New York.

Sincerely,


Kang Li Trading Inc.


Frederick Shotkin, Esq.


Ming Chu Lee, Esq.

Attachment "B"

GIUTTARI & MERTZ LAW OFFICE P.C.

David Lira
45 West 34th Street, New York, NY 10001
Tel: 212-714-9262 Fax: 212-271-1389

Tibetan Baicao Tea

西藏百草茶

C&L INTERNATIONAL TRADING INC.
KANG LI TRADING INC.

HEAD OFFICE:
6213 20th AVE. BROOKLYN NY 11204
BRANCH: 84 HESTER ST, NY NY 10002
TEL&FAX: 718-259-6800 212-226-6811

TIBETAN BAICAO TEA

March 15, 2013

Re: Tibetan Baicao Tea
Subject: Use of Trademarks

Dear All:

We are representing the Tibetan Baicao Tea (TBT). We are writing this letter on behalf of our client Kang Li Trading Inc. Kang Li Trading Inc. is the sole owner of the Tibetan Baicao Tea trademarks (the " Marks") shown above and has registered the two parts of the trademarks. USTPO serial numbers are 85577000 and 85601631, respectively. Therefore, Kang Li Trading Inc. has the exclusive right to use the trademarks for their products under all circumstances. Should we find anyone use the trademarks without prior permission for any commercial purpose whatsoever, Kang Li Trading Inc. will immediately pursue all legal actions to the fullest extent permissible by law.

Sincerely,

Kang Li Trading Inc.

Kam Ng, CEO

I. Frederick Shotkin, Esq.
Senior Attorney – Trademarks

Ming Chu Lee, Esq.