**American Tibetan Health Institute, Inc. v. Kam Ng, C&L International Trading, Inc., Kang Li Trading, Inc., and K & C International Trading, Inc.**

**13 Civ. 2763 (LLS)**

-and-

**C&L International Trading, Inc., Kam Ng, and K & C International Trading, Inc. v. American Tibetan Health Institute, Inc., Chung Kee (USA) International Inc., Yat Chau (USA) Inc., Tung Ren Tang, Rong Feng Trading Inc., Fargo Trading Inc., Yong long Supermarket Inc., and Po Wing Hong Food Market Inc.**

**13 Civ. 2638 (LLS)**

<u>**Kam Ng's Memorandum in Support of Supplemental Jury Instructions**</u>

Kam Ng ("Kam"), by her attorneys, Giuttari & Mertz Law Office P.C., hereby submits this memorandum of points and authorities in support of her motion to supplement the Court's proposed jury instructions.[1]

The first to use a mark in the sale of goods and services is the "Senior user" of the mark and gains common law rights to the mark in the geographic area in which the mark is used. Ownership rights flow only from

---

[1] Specific proposed language to be added to the jury instructions are set forth hereinbelow, but may be further refined at or prior to convening of Court on March 27, 2014.

prior use- either actual or constructive. Federal registration of a trademark or service mark cannot create rights and priority over others who have previously used the mark in commerce, but federal registration is prima facie evidence of the registrant's ownership and exclusive right to use the mark. 15 U.S.C. 1057(b), 1115(a), and constitutes constructive use of the mark. The territorial rights of a holder of a federally registered trademark are always subject to any superior common law rights acquired by another party through actual use prior to the registrant's constructive use. Federal registration does not give priority over persons who had used and had not abandoned the mark prior to filing. 15 U.S.C. § 1057(c)(1), <u>Allard Enterprises Inc. v. Advanced Programming Resources, Inc.,</u> 249 F.3d 564, 573 (6th Cir. 2001)., <u>Donald R. DUDLEY, D.C. d/b/a Healthsource Chiropractic, INC. v. Healthsource Chiropractic, Inc. and Stephen T. Divito, D.C.</u> 883 F. Supp. 2d 377 (W.D.N.Y. 2012).

   If there are senior and junior users of the internet of a trademarked product, concurrent users of a mark should be allowed to use their marks on the internet as long as the internet is not manipulated by one party to

intrude on the other's territory in bad faith such as targeting internet advertisements to consumers within the other user's exclusive territory or advertising on locally focused websites that target the other's market. Donald R. DUDLEY, D.C. d/b/a Healthsource Chiropractic, INC. v. Healthsource Chiropractic, Inc. and Stephen T. Divito, D.C. *supra*.

                                  Respectfully submitted

                                  _____/s/_____

                                  I. Frederick Shotkin, Esq.

                                  Giuttari & Mertz Law Office P.C.

Dated: New York, New York

      March 26, 2014

**Proposed amendments to Jury Charge**

- Insert on Page 5, after line 117

  The trademarks claimed to be owned by each of Kam Ng and ATHI are called common law rights and are acquired by first use but such rights are limited to the geographical area in which the trademark was first used. For example, if Kam Ng first used her trademarked product in New York, Kam Ng would have trademark rights in New York but if ATHI first used its trademark product in California, ATHI would have trademark rights in California. Therefore, you must determine not only which of the parties, Kam Ng or ATHI, first used their trademark, but also the geographic area where such trademark was first used.

- Insert on page 5, on line 120 after the word "Trademark", the words "in a particular geographic area"

- Insert on page 5 on line 121 after the word "Marketplace", the words "in the geographic area in which the trademark was used."

- Insert on page 6, After the word "Certificate" on line 130, the following: "However, federal registration of a trademark cannot create rights and priority over others who have previously used the mark in commerce. The territorial rights of a holder of a federally registered trademark are always subject to any superior common law rights acquired by another party through actual use prior to the registrant's constructive use. Federal registration does not give priority over persons who had used and had not abandoned the mark prior to filing."