IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN TIBETAN HEALTH INSTITUTE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KAM NG, C&L INTERNATIONAL TRADING INC., KANG LI TRADING INC., and K&C INTERNATIONAL TRADING INC.,<br><br>Defendants. | Case No.: 13-CV-2763 (LLS)<br><br>**PLAINTIFF AMERICAN TIBETAN HEALTH INSTITUTE, INC.'S OPPOSITION TO DEFENDANTS KAM NG AND C&L INTERNATIONAL TRADING INC.'S JOINT MOTIONS IN LIMINE** |

**PLAINTIFF'S OPPOSITION TO KAM NG AND C&L'S MOTIONS IN LIMINE**

Plaintiff American Tibetan Health Institute, Inc. ("ATHI") submits this opposition to Defendants Kam Ng ("Ng") and C&L International Trading Inc.'s ("C&L) Joint Motions *In Limine* ("the Motion") (Dkt. 244). The evidence the Motion seeks to preclude is of central relevance to ATHI's claims, and none of it is subject to principles of estoppel, an evidentiary privilege, or is otherwise violative of a Federal Rule of Evidence, therefore, it should be denied.

**INTRODUCTION**

The Motion highlights a wildly different procedural and factual history of the case, and a misleading presentation of the discovery conduct between the parties. Furthermore, the elements of estoppel under the applicable federal law have simply not been met here. The Court set two prior trials in this action to answer three highly specific questions, none of which addressed the amount of ATHI's recovery against Ng or Ng's willfulness. Defendants need only look at the Court's own words and instructions to easily confirm that the questions to be answered at the third trial were not adjudicated in the first two trials.

To help clarify the procedural history of the case, ATHI presents that for the purposes of this Opposition the following terms are used herein:

"First Trial" means the jury trial conducted March 24, 2014 through March 27, 2014 to determine (1) which party had made first use of the trademarks and (2) if ATHI had later abandoned them; with the jury finding that ATHI had made first use of "the trademarks" and did not abandon them[1];

"The trademarks"[2] mean the TIBETAN BAICAO TEA trademark (U.S. Reg. No. 4,330,569), Horse Design Mark (U.S. Reg. No. 4,330,640), and Scroll Design Mark (U.S. Reg. No. 4,330,639);

"Second Trial" means the jury trial conducted June 15, 2015 through June 18, 2015 to determine if C&L International Trading Inc. did know or did not know of the infringing nature of Kam Ng's sales; with the jury finding that C&L did not know[3]; and

"Third Trial" means the trial which has not yet been scheduled to determine the amount of ATHI's recovery from Kam Ng, Kang Li and K&C, including whether Ng's infringement was willful.

## ARGUMENT

### I.   ESTOPPEL DOES NOT PRECLUDE A THIRD TRIAL

Defendant is accurate that mutuality is not required to assert collateral estoppel against a claim, but the doctrinal points raised in the Motion are otherwise tortured.  The Supreme Court has recently stated the principle of collateral estoppel clearly:

---

[1] First Trial, Jury Charge, March 27, 2014 Trial Trans. 330:13-18.

[2] "MR. KLOSS: "Are you saying if they find first use, we have first use for all of the marks?"
THE COURT: "I am certainly am. The case has been tried on that basis."" First Trial, Jury Charge Conference, 286:25-287:3.

[3] Second Trial, Jury Charge, June 18, 2015 Trial Trans. 362:9-13.

> This Court has long recognized that the determination of a question <u>directly</u> involved in one action is conclusive <u>as to that question</u> in a second suit. The idea is straightforward: Once a court has decided an issue, it is forever settled as between the parties, thereby protecting against the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts. In short, a losing litigant deserves no rematch after a defeat fairly suffered.[4]

The Court then emphasizes that it "regularly turns to the Restatement (Second) of Judgments for a statement of the ordinary elements of issue preclusion," which generally provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."[5]

Additionally, Defendants' reliance on *Wilder v. Thomas* is misplaced, as the *Wilder* court was bound by 28 U.S.C. § 1738 to apply the collateral estoppel doctrine of New York State because the previous case had been decided in state court.[6] The preclusive effect of a federal-court judgment is determined by federal common law.[7] Federal courts therefore "participate in developing uniform federal rules of res judicata, which [the Supreme Court] has ultimate authority to determine and declare."[8] The federal common law of preclusion is, then, subject to due process limitations.[9]

The *Blonder-Tongue* decision on which Defendants rely permitted a non-party to a prior action to <u>assert estoppel against a prior party</u> who had been given a "full and fair opportunity" to

---

[4] *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302-03 (2015) (citations omitted) (emph. added).

[5] *Id.* at 1303 (citing Restatement (Second) of Judgments § 27, p. 250 (1980)).

[6] 854 F. 2d 605, 616-17 (2d Cir 1988).

[7] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–508 (2001)).

[8] *Taylor,* 553 U.S. at 891.

[9] *Id.* (citing Richards v. Jefferson County, 517 U.S. 793, 797 (1996)).

litigate the issue.[10]  In contrast, here, the role of the parties in the lawsuit make evident their different positions; with Kam Ng as importer and wholesale retailer, on one side, and C&L International Trading Inc., on the other. ATHI has litigated the issue of damages <u>as to C&L</u> in the Second Trial, but the Third Trial is to determine the damages <u>as to Ng, Kang Li and K&C</u>. In no way can a determination of ATHI's damages against C&L be used to estop a determination of ATHI's damages as to Kam Ng, *et al.*

Surely a principal infringer may be held liable, while a distributor of their product has been found to have not known of the infringement. In addition, "by definition, there can be no liability for contributory infringement unless there is direct infringement."[11]  The converse, however, is not true, and in fact defies logic – direct infringement cannot require contributory infringement.  To require contributory infringement is to obliterate the distinction between direct and contributory infringement, as one would always necessarily accompany the other.

### A. The Third Trial is About Different Issues From the Second Trial

The Motion mistakenly posits that the Third Trial is about the same issues as the Second Trial.  However, the Second Trial was <u>only</u> about C&L's distributor liability.[12] The court has explicitly stated that the Third Trial is to determine the amount of recovery by ATHI from Kam Ng, Kang Li and K&C.[13] In the pair of cases before this Court, the following conclusive determinations have been made by jury verdict: (1) ATHI was the first to use the trademarks in commerce and did not later abandon them; and (2) C&L did not knowingly sell or offer for sale tea products which infringed upon ATHI's trademarks and trade dress.  Neither determination may be used as collateral estoppel to preclude a third trial to determine the amount of ATHI's

---

[10] *Blonder-Tongue Laboratories, Inc. v. University of Ill. Foundation*, 402 U.S. 313, 302-03 (1971).
[11] 4 McCarthy on Trademarks and Unfair Competition § 25:17 (4th ed.).
[12] Second Trial, Jury Charge, June 18, 2015 Trial Trans. 362:9-13.
[13] Dkt. 219 at 6.

recovery from Ms. Ng, Kang Li, and K&C. The amount of ATHI's recovery from Ms. Ng, Kang Li, and K&C is not an issue or determination that has already been decided.

The Motion also mistakenly states that "the jury necessarily rejected *all* of ATHI's alternative theories" of C&L's liability. When, in fact, the only question put to the jury was "When C&L sold tea under the name Tibetan Baicao Tea, C&L knew or did not know -- there is a place for you to check which - only check one, whichever one you find - **knew or did not know** that its sales of Kam Ng and her company's products infringed ATHI's rights."[14] There is no collateral estoppel or issue preclusion from the determination in the Second Trial which can be applied in the Third Trial.

### B. The Court's Statement Regarding the Third Trial is Immaterial

Defendants argue that the quoted statement by the Court[15] somehow supports their position that collateral estoppel should preclude a third trial against Ms. Ng, where the purpose of the second trial had been held only to determine C&L's liability. (Motion, at 3). Clearly the parties have very different understandings about what the third trial is regarding. ATHI understands the Court's statement to be read another way: until shown otherwise, Ms. Ng does not escape liability from sales which infringed ATHI's rights by operation of the fact that a jury found that her distributor, C&L, was not aware of her infringement.

### C. Ms. Ng and C&L Were Not Tried as Alter Egos In the Second Trial

Again, this Court very clearly narrowed the Second Trial to the question of C&L's knowledge of infringement; ATHI was not given the opportunity to litigate any other issue beside that one. Despite the Motion's attempt to overstate a fiction, C&L was not tried as an alter

---

[14] Second Trial, Jury Charge, June 18, 2015 Trial Trans. 362:9-13.

[15] "A jury's determination that C&L was not aware that Ms. Ng's sales infringed ATHI's rights does not prevent her own liability for those sales, until the contrary is shown by facts, arguments or authorities I have not seen." Letter-Order at 1 (Feb. 25, 2016).

ego of Kam Ng. As the Motion points out, ATHI's First Amended Complaint asserts an <u>agency</u> theory of liability - "each Defendant ... was and is the agent ... for each other Defendant." (ATHI FAC, ¶ 6). At trial, evidence was introduced to demonstrate the knowledge of C&L, and the closeness of Sammy Chow's operation to Kam Ng's operation for the purposes of "knowledge," but not application of an alter ego doctrine.

Defendants' request that ATHI be precluded from presenting the same evidence to a jury in a Third Trial should be denied. The same evidence may be probative in a different manner when presented to a different witness or the same witness for a different purpose. It is completely logical that if Party B (Distributor C&L) was found not liable, then, when the same evidence is presented against Party A (Supplier Kam Ng) they may be found liable.

The issues to be tried in the Third Trial are not precluded by the Second Trial, and Defendants' motion with respect the first prayer for relief should be denied as moot.

## II.  THE SECOND REQUEST FOR RELIEF LACKS THE SPECIFICITY REQUIRED AND SHOULD BE DENIED

When a "motion *in limine* lacks the necessary specificity with respect to the evidence to be excluded" the Court should "reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context."[16] As the court in *Wechsler* made clear, "[a] district court is well within its discretion to deny a motion *in limine* that fails to identify the evidence with particularity or to present arguments with specificity."[17]

Here, the vague nature of Defendants' motion mandates its denial. The Motion is

---

[16] *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996); *see also Wechsler v. Hunt Health Sys., Ltd.*, 2003 U.S. Dist. LEXIS 14594, at *10-11 (S.D.N.Y. Aug. 21, 2003); *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, 1998 U.S. Dist. LEXIS 15093, at *3 (S.D.N.Y. Sept. 25, 1998) (denying motions *in limine* to exclude "all 'evidence of Baxter's financial condition'" and "evidence on its punitive damages claim" because they "lack[ed] 'the necessary specificity'" (citation omitted)).

[17] 2003 U.S. Dist. LEXIS 14594, at *8-9 (quotation omitted).

inconsistent regarding which evidence was precluded in previous trials, the reason for the exclusion, and the identification of the evidence itself. Instead of supporting arguments with particularity, the Motion merely further obfuscates the issue upon which it requests relief.

### A. The Horse Design and Scroll Design Marks Are Admissible and Are Elements of ATHI's Protected Trade Dress

Although Defendants seek to preclude evidence of the Horse Design Mark (U.S. Reg. No. 4,330,640) and the Scroll Design Mark (U.S. Reg. No. 4,330,639), they fail to realize that these registered trademarks are elements of ATHI's protected Trade Dress. (As defined in the *First Amended Complaint,* Dkt. 27, ¶ 128). ATHI has been granted an injunction against Defendants' including "[u]sing American Tibetan Health Institute, Inc.'s Tibetan Baicao Tea packaging trade dress..."[18] and has been granted judgment against Kam Ng, Kang Li, and K&C on its Trade Dress claims.[19] Therefore, it is simply false that "[t]his Court specifically ruled that other design elements, such as the horse logo and teacup/scroll logo, were not a part of this case." (Motion, 1).

The Motion blurs the reason that evidence of the trademarks was precluded in the Second Trial. Evidence of the Horse Design Mark and the Scroll Design Mark were excluded from the Second Trial not because the marks were "not a part of this case," but rather because the evidence was beyond the purpose of the Second Trial - to determine if C&L International Trading Inc. knew or did not know of the infringing nature of Kam Ng's sales. Obviously, the evidence was excluded because the Second Trial was to determine the required "knowledge" for liability not regarding the merits of the trademark or trade dress claims. Evidence of ATHI's Trade Dress is not prejudicial, and should not be precluded.

---

[18] Dkt. 118, ¶ 6.
[19] Dkt. 219 at 4.

### B. ATHI is Seeking Damages on Infringement of Its Registered Trademarks and Its Trade Dress

ATHI was granted judgment on its trade dress and trademark infringement claims, and the Third Trial seeks to determine the amount of ATHI's recovery from Kam Ng, Kang Li and K&C. However, the Motion argues that ATHI attempts to establish damages for the design marks and the copyrights even though it never proved liability for those claims. (Motion, 13). This is simply not true. ATHI is seeking Kam Ng, Kang Li and K&C's profits on infringing sales, as shown by the testimony of the parties or their own invoices. (*See* Dkt. 248). ATHI need only be granted judgment on infringement of one registered trademark or infringement of ATHI's Trade Dress to be entitled to the profits from the sales of the infringing products.

The Motion prays for relief that to preclude "all evidence directed at the horse-and-cup design." It is unclear if the prayer refers to the Horse Design Mark and the Scroll Design Mark, or ATHI's Trade Dress. Despite ATHI's best attempt to assign reasonable meaning to the lengthy explanation of the grounds asserted for Defendants' request to preclude this evidence at a Third Trial, it simply is unclear why Defendants believe it should be excluded.

Therefore, Defendants' motion with respect to exhibits relating to Horse Design Mark and the Scroll Design Mark, including proposed exhibits ATHI 5, 9, 10, 12, 13, 23, 33, 34, 36, and 37, should be denied; or alternatively the Court may reserve judgment until the evidence is in the proper factual confines of the Third Trial.

### III. THERE ARE NO GROUNDS TO EXCLUDE THE TESTIMONY OF JAFFE TSANG

Mr. Jaffe Tsang has been known to defendants C&L and Ng as the Manager of Chung Kee (USA) since at least May 2013, when they received ATHI's *Ex Parte* Application for Temporary Restraining Order. (Dkt. 9-4 at 19, Letter from Jaffe Tsang dated April 4, 2013). How Jaffe Tsang's "precise relationship to Chung Kee (USA) and/or ATHI" could remain

"unclear" is a puzzling, since his letters were attached to these early pleadings. The letters plainly identify Jaffe Tsang as Manager of Chung Kee (USA).  Mr. Jaffe Tsang was further identified as a person who may have discoverable information to C&L and Ng in ATHI, *et al.*'s Fed. R. Civ. P. 26(A)(1) Initial Disclosures in case no. 13-CV-2638, which were served on December 20, 2013.  C&L and Ng have been free to issue a notice for the deposition Jaffe Tsang and have not done so.

After the parties have had an opportunity to clarify the scope and purpose of the Third Trial, the testimony of Jaffe Tsang may not be needed at trial. Should such an agreement come to pass, ATHI requests it be permitted to update its position in regards to the testimony of Jaffe Tsang, and the exhibits relating to Mr. Tsang.

Therefore, Defendants' motion with respect to the testimony of Jaffe Tsang and proposed exhibits ATHI 53, 54, and 58 should be denied; or alternatively the Court may reserve judgment until the evidence is in the proper factual confines of the Third Trial.

## IV.     THERE ARE NO GROUNDS TO EXCLUDE THE TESTIMONY OF DANIEL LIU

Mr. Daniel Liu testified during the First Trial regarding the purchase of infringing tea products from Ms. Ng, the amount, and his observations during the transaction. Mr. Liu was subject to cross examination by counsel for C&L and Ng at that time.  Mr. Liu's testimony and the proposed exhibits relate to the same facts which have already been presented before the Court. C&L and Ng have been free to issue a notice of third-party deposition for Mr. Liu and have not done so.

Therefore, Defendants' motion with respect to the testimony of Daniel Liu and proposed exhibits ATHI 17, 18, 19 and 20 should be denied; or alternatively the Court may reserve judgment until the evidence is in the proper factual confines of the Third Trial.

                                                     Respectfully submitted,

Dated: April 26, 2016               By:  /s/  *Otto Lee*

                                                     Otto O. Lee, Esq.
                                                     Bonnie J. Wolf, Esq.
                                                       INTELLECTUAL PROPERTY LAW GROUP LLP
                                                     12 South First Street, 12th Floor
                                                     San Jose, CA 95113
                                                     Telephone: (408) 286-8933
                                                     Facsimile: (408) 286-8932
                                                     Email: olee@iplg.com,
                                                     bonniewolf@iplg.com

                                                     David W. Kloss, Esq.
                                                     Justin D. Kloss, Esq.
                                                     KLOSS, STENGER & LOTEMPIO
                                                     69 Delaware Avenue, Suite 1003
                                                     Buffalo, NY 14202
                                                     Telephone: (716) 853-1111
                                                     Email: office@klosslaw.com

                                                     *Attorneys for Plaintiff:* AMERICAN TIBETAN HEALTH INSTITUTE, INC.