IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN TIBETAN HEALTH INSTITUTE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAM NG, an individual, C&L INTERNATIONAL TRADING INC., a New York corporation, KANG LI TRADING INC., a New York corporation, and K&C INTERNATIONAL TRADING INC., a New York corporation,<br><br>Defendants. | Case No.: 13-CV-2763 (LLS)<br><br>**PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS** |

Plaintiff, American Tibetan Health Institute, Inc. ("ATHI"), by and through its counsel, hereby submits the following proposed amended jury instructions for the trial of this action. Plaintiff reserves the right to amend and supplement its proposed jury instructions as required.

### INSTRUCTION NO. 1: ROLE OF THE COURT AND THE JURY

I will now instruct you as to the law. It is your duty to accept these instructions and law and apply them to the facts as you determine them. If an attorney or a witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instructions as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate.

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.

What has been said in the opening statements, closing arguments, objections, or questions is not evidence. The evidence before you consists of the answers given by witnesses, and the exhibits that were received in evidence. You may not consider any testimony that I have told you to disregard or that was stricken from the record.

Nor is what I say evidence. The rulings I have made during the trial are not any indication of my views of what your decisions should be.

### INSTRUCTION NO. 2: PRELIMINARY INSTRUCTION—TRADEMARK

The plaintiff, ATHI, seeks damages against the defendants, for trademark infringement and unfair competition. ATHI has previously been found by this Court to be entitled to judgement on its claims for trademark and trade dress infringement. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

### INSTRUCTION NO. 3: DEFINITION OF A TRADEMARK

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner, assignee or licensee of a trademark has the right to exclude others from using that trademark.

### INSTRUCTION NO. 4: DEFINITION–TRADE DRESS (15 U.S.C. § 1125(a))

Trade dress is the non-functional physical detail and design of a product or its packaging, which indicates or identifies the product's source and distinguishes it from the products of others.

Trade dress is the product's total image and overall appearance, and may include features such as size, shape, color, color combinations, texture, or graphics. In other words, trade dress is the form in which a person presents a product or service to the market, its manner of display.

A trade dress is non-functional if, taken as a whole; the collection of trade dress elements is not essential to the product's use or purpose or does not affect the cost or quality of the product even though certain particular elements of the trade dress may be functional.

A person who uses the trade dress of another may be liable for damages.

In this case, you will hear/have heard evidence about the manner in which plaintiff's tea was packaged, wrapped, boxed, and held in a container. Trademark law protects such trade dress from others using the same or similar presentation of another product if that trade dress is nonfunctional and if consumers identify the packaging with the source of the product, distinguishing it from other sources.

Trade literature used in marketing constitutes trade dress. Unauthorized use by a competitor constitutes false designation of origin and unfair competition.

## INSTRUCTION NO. 5: THE PLAINTIFF'S BURDEN OF PROOF

The plaintiff has the burden of proving by a preponderance of the evidence that the defendants received ill-gotten profits resulting from the infringement of ATHI's trademarks and trade dress. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true.

## INSTRUCTION NO. 6: DAMAGES – DEFENDANTS' PROFITS (15 U.S.C. § 1117(a))

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

Liability has already been determined, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means

the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

Plaintiff is entitled to any profits earned by the defendant that are attributable to the infringement, which the plaintiff proves by a preponderance of the evidence. Profit is determined by deducting all expenses from gross revenue. Gross revenue is all of defendant's receipts from using the trademark in the sale of a TIBETAN BAICAO TEA product. The plaintiff has the burden of proving a defendant's gross revenue or profit by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing the gross revenue. The defendant has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a TIBETAN BAICAO TEA product using the trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### INSTRUCTION NO. 7: IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT (FALSUS IN UNO FALSUS IN OMNIBUS)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and must be discredited, you may discredit that witness's testimony entirely or give the testimony of that witness such credibility as you think it deserves; you are not, however, required to give that witness any such credibility.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witnesses' other testimony and you may reject all of the testimony of that witness or give it such credibility as you think it deserves. An act or omission is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## INSTRUCTION NO. 8: WILLFULNESS

You must decide whether the Defendant's infringement was *willful*.

To prove willfulness, Plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard or willful blindness.

In the trademark infringement context, reckless disregard or willful blindness means that a defendant knew it might be selling infringing goods but nevertheless intentionally shielded itself from discovering the truth.

A finding of actual knowledge is not required if you find that Defendant acted with reckless disregard or willful blindness.

Dated: July 10, 2016                     Respectfully Submitted,

                                                                              /s/ Bonnie J. Wolf
Otto O. Lee, Esq.
Bonnie J. Wolf, Esq.
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Email: olee@iplg.com

*Attorneys for Plaintiff,
American Tibetan Health Institute, Inc.*