UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN TIBETAN HEALTH INSTITUTE, INC., a California corporation,<br><br>      Plaintiff,<br><br> v.<br><br>KAM NG, an individual, C&L INTERNATIONAL TRADING INC., a New York corporation, KANG LI TRADING INC., a New York corporation, and K&C INTERNATIONAL TRADING INC., a New York corporation,<br><br>      Defendants. | 13 Civ. 2763 (LLS) |

### DEFENDANTS' OBJECTIONS TO PROPOSED BILL OF COSTS

Defendants respectfully submit these objections to ATHI's proposed bill of costs. Defendants direct these objections solely to the ministerial computation of the bill of costs by the Clerk under the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendants expressly reserve all other objections—including objections directed to the allocation of any taxed costs among the parties, as well as objections to the propriety of the imposition of costs—for consideration by the Court following the Clerk's taxation.

**1. Process Server Fees (Page 5)**

 ATHI seeks recovery of process-server fees, as well as witness fees.

 Process server fees are not recoverable under Local Rule 54.1(c)(7): "Attorney fees and disbursements and <u>other related fees and paralegal expenses</u> are not taxable except by order of the Court." [Emphasis added.] There has been no order of the Court permitting recovery of process-server fees. Thus, the process server fees are not recoverable.

Nor was there any payment or proof of payment (e.g., cancelled check) showing that the witness fee was actually paid to the witness. Thus, upon the deficient showing made by ATHI, the witness fees are not recoverable.

In sum, none of the costs sought in this section should be allowed.

2. **Court Transcripts (Page 8)**

ATHI seeks $2358.81 for transcripts of various proceedings before the Court. Local Rule Local Rule 54.1(c)(1) permits the recovery of costs for "transcript[s] of Court proceedings prior to or subsequent to trial . . . only when authorized in advance or ordered by the Court." [Emphasis added.] The Court has neither "authorized in advance [n]or ordered" such costs to be taxed.

In sum, none of the costs sought in this section should be allowed.

3. **Copy Costs (Page 26)**

ATHI seeks the costs for printing various documents as well as for office supplies. Local Rule 54.1(c)(5) does not permit recovery of costs for copies: "A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence. The cost of copies used for the convenience of counsel or the Court are not taxable." [Emphasis added.] Additionally, ATHI does not indicate that the "original was not available" or which (if any) of these copies were "received in evidence."

In sum, none of the costs sought in this section should be allowed.

4. **Witness Reimbursements (Page 46)**

ATHI seeks $3,423.88 for the putative travel expenses of two witnesses. Certain elements of these costs should not be allowed.

   A.   ATHI seeks costs for flying witness Daniel Liu between Phoenix, Arizona and the New York metropolitan area. However, according to Mr. Liu's own testimony, Mr. Liu was a local resident of New York. See Mar. 24, 2015 Trial Transcript at 168:8-12 ("I was a real estate agent in New York, and also a paralegal."). ATHI offers no explanation for why costs should be taxed to enable Mr. Liu to travel to and from a place where he is not a resident, and this cost should be disallowed.

B. ATHI also seeks the purported costs for Mr. Liu's hotel from March 24-25, 2015. As indicated above, Mr. Liu had testified that he was working in New York at the time and therefore would not have been entitled to hotel costs. See Mar. 24, 2015 Trial Transcript at 168:8-12 ("I was a real estate agent in New York, and also a paralegal.").

Separate from the question of his residency, Mr. Liu would not be entitled to two nights of hotel charges. Mr. Liu's testimony was specifically scheduled to be completed by March 24 for his convenience. See March 24, 2014 Trial Transcript at 149:2-6 (ATHI's counsel explaining "[W]e have a witness [Mr. Liu] who is here today to testify that can only testify today.").

Even if Mr. Liu were not a New York resident, there is no reason why Mr. Liu needed to stay in New York City after his testimony, much less an entire extra day if he knew that he "can only testify today [on March 24]." Indeed, given the arrangements made for his benefit, Mr. Liu easily could have flown into New York City, testified, and left on the same day.

At a minimum, the hotel costs for March 25 should be denied because Mr. Liu had already completed testimony the day before. Additionally, in view of Mr. Liu's ability to have completed his testimony on March 24, he could have departed, and his hotel costs for March 24 should be disallowed as well.

C. ATHI seeks costs for flying witness Brian Marcus via "Business" Class to New York (see Page 56). Costs for Business Class seats are not recoverable as costs: "Such a witness shall utilize a common carrier at the most economical rate reasonably available." 28 U.S.C. 1821(c)(1). The costs of the business-class fare should therefore be disallowed.

D. ATHI seeks three days and two hotel nights of hotel costs for witness Brian Marcus. Mr. Marcus testified on March 25. His testimony was short: the direct and cross examinations combined took up only 15 double-spaced

pages in the transcript.  (See Mar. 25, 2014 Trial Transcript at 205-20.)  In view of the brevity of Mr. Marcus's testimony, there was no reason why he needed lodging for three days and two nights in New York City.  Mr. Marcus's hotel costs should be disallowed.

E.  ATHI also seeks $112 for three days of parking fees for Mr. Marcus.  As indicated above, Mr. Marcus testified for only a few minutes on March 25, 2014.  There was no justification for the costs of three days of parking.  The costs of two days' parking should be disallowed.

F.  ATHI also seeks $1073.63 for purported hotel fees incurred by witness Daniel Liu from July 10-14, 2016.  However, the receipt produced does not show a room for Daniel Louie, but rather for Otto Lee, ATHI's lawyer.  Nor would Mr. Liu be entitled to four nights of hotel lodging: Mr. Liu testified for approximately two hours, all of which ended in one day.

5.  **Translation (Page 71)**

   A.  ATHI seeks the costs of obtaining <u>five</u> copies of a New York State trademark.  Local Rule 54.1(c)(5) authorizes costs for only one such copy: "**A** copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence." [Emphasis added.] "The cost of copies used for the convenience of counsel or the Court are not taxable."  Id.  Thus, the only the first copy for $6.00 should be disallowed.

   B.  ATHI also seeks translation costs for newspaper ads.  The costs of translation are not recoverable: "'[C]ompensation of interpreters' in [28 U.S.C.] §1920(6) does not include costs for document translation." Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2011 (2012).  The translation costs should therefore be disallowed.

In sum, subject to the Clerk's discretion, a maximum of $6.00 of the costs sought in this section should be allowed for the first copy of the New York State trademark.

6. **Interpreters' Fees (Page 78)**

ATHI seeks costs for interpreter's fees for various proceedings. These costs should be denied.

A. Local Rule 54.1(c)(4) provides that "The reasonable fee of a competent interpreter is taxable <u>if the fee of the witness involved is taxable</u>." [Emphasis added.] Here, the fee of the witness was <u>not</u> taxable for two reasons.

First, the cost of an interpreter is not recoverable for a <u>party</u> because the witness fee for a party is never taxable: "No party to the action may receive witness fees . . . ." Local Rule 54.1(c)(3)(sent.2).

Ms. Lee was the corporate plaintiff's representative, and as the natural person representing the plaintiff corporation, her corporation would not be entitled to recover her witness fees under Local Rule 54.1(c)(3). Consequently, because Local Rule 54.1(c)(4) provides that the cost of an interpreter cannot be taxed if "the fee of the witness involved is not taxable," and because Local Rule 54.1(c)(4) disallows witness fees for parties, the costs of the interpreters should be denied.

B. Independent of the reasons above, the costs sought by ATHI are also untaxable for piecemeal reasons.

1. ATHI seeks $2,325.00 for "Court Interpretation" on March <u>22</u>, 2014. However, the 2014 trial didn't start until two days later—on March <u>24</u>, 2014. <u>See</u> March 24, 2014 Trial Transcript. ATHI's request for $2,325.00 in "Court Interpretation" on March 22 therefore should be denied.

2. ATHI seeks a total sum of $4,800.00 for interpreters' fees on March 27, 2014. There were, however, no proceedings requiring interpretation on March 27. <u>See</u> March 27, 2014 Trial Transcript at 302-34. Ms. Lee's testimony had already been concluded before the lunch break the day before, on March 26. <u>See</u> March 26, 2014 Trial Transcript at 204:20. Moreover, all witnesses had completed

examination the day before as well. See March 26, 2014 Transcript at 283:13. Because Local Rule 54.1(c)(4) provides that "[t]he reasonable fee of a competent interpreter is taxable <u>if the fee of the witness involved is taxable</u>" [emphasis added], but there were no witnesses on March 27, 2014, the interpreters' fees for March 27, 2014, should be disallowed.[1]

3. ATHI seeks $100.00 for "English translation re: documents" incurred on August 25, 2014. Expenses for translations are not recoverable as costs. <u>Taniguchi v. Kan Pacific Saipan, Ltd.</u>, 132 S. Ct. 1997, 2011 (2012).

4. ATHI seeks $2,700.00 for a June 17, 2015 "Court Interpretation." This appears to be a fee for the 2015 second trial. However, ATHI was not the prevailing party at the 2015 second trial, and ATHI is not entitled to recover any costs arising out of that trial. See June 18, 2015 Transcript at 366:8-10 (verdict read as "C&L <u>did not know</u> that its sales of Kam Ng and her companies' products infringed ATHI's rights").

5. ATHI seeks $850.00 for a June 25, 2015 "Cantonese Interpretation." However, there was no trial nor any proceedings involving witnesses on June 25, 2015. To the extent that these were translation costs, such expenses are not recoverable as costs. <u>Taniguchi v. Kan Pacific Saipan, Ltd.</u>, 132 S. Ct. 1997, 2011 (2012).

In sum, none of the costs sought in this section should be allowed.

---

[1] Even if there had been testimony on March 27, the fee would not have been "reasonable." Even assuming that the proceedings went for an entire 8-hour day (which they did not), the fee for $4,800.00 would have resulted in a rate of $600.00 per hour.

7. **Other Costs (Page 87)**

    A. ATHI seeks $622.50 in costs associated with the March 18, 2014 deposition of Shirley Lee. Local Rule 54.1(c)(2) permits recovery of the costs for deposition transcripts if the transcript "was used or received in evidence at the trial." ATHI never proposed Ms. Lee's deposition transcripts at trial, and ATHI's submissions do not aver that ATHI had done so. Accordingly, the costs for the March 18, 2014 deposition of Shirley Lee should be denied.[2]

    B. ATHI seeks $144.00 in costs for a "rough ASCI transcript" associated with the March 18 deposition of Shirley Lee. Local Rule 54.1(c)(2) permits recovery of the costs for deposition transcripts if the transcript "was used or received in evidence at the trial." ATHI never proposed Ms. Lee's Rough ASCI transcript at trial, and ATHI's submissions do not aver that ATHI had done so. Accordingly, the costs for "rough ASCI transcript" of the March 18, 2014 deposition of Shirley Lee should be denied.

    C. ATHI seeks $1,636.50 in costs associated with the March 22, 2014 Transcript for Kam Ng. Local Rule 54.1(c)(2) permits recovery of the costs for deposition transcripts if the transcript "was used or received in evidence at the trial." ATHI never proposed Ms Ng's deposition transcript at trial, and ATHI's submissions do not aver that ATHI had ever done so. Accordingly, the costs for the March 22, 2014 deposition of Kam Ng should be denied.[3]

    D. ATHI seeks $1,394.95 costs associated with the November 20, 2014 deposition of Sammy Chow. Local Rule 54.1(c)(2) permits recovery of the costs for deposition transcripts if the transcript "was used or received in evidence at the trial." ATHI never proposed Ms. Chow's deposition transcripts at trial, and ATHI's submissions do

---

[2] Even if the costs were taxable, the $622.50 sum sought is unsupported and inconsistent with the sum indicated on the receipt (Page 88), which shows the purchase of four "DVD/MPEG-1" copies in addition to the regular transcript copy. ATHI never proposed Ms. Lee's "DVD/MPEG-1" deposition transcripts at trial.

[3] Even if the costs were taxable, the $1,636.50 sum sought includes items which are not taxable as the cost of a transcript, as shown in the invoice. See Page 90. Among the impermissible costs sought by ATHI are "Videographer Setup" Fees, "Videographer Hourly" Fees, "Video Files," and "Rush Premium" Services.

not aver that ATHI had ever done so.  Accordingly, the costs for the November 20, 2014 deposition of Sammy Chow should be denied. [4]

E.    ATHI seeks $1350.00 in interpreters' costs associated with the November 20, 2014, deposition of Mr. Sammy Chow.  Ms. Chow was the representative for the defendant corporation C&L International Trading Inc. in this litigation.

Local Rule 54.1(c)(4) allows for interpreters' fees only "if the fee of the witness involved is taxable." As stated above, Mr. Chow's deposition transcript cannot be taxed because ATHI had not used Mr. Chow's deposition transcript at trial.  This, because the underlying "fee of the witness involved [was not] taxable," the accompanying interpreters' fee cannot be taxed either.

Moreover, under Local Rule 54.1(c)(3)(sent.2), a <u>party</u> may never receive witness fees: "No party to the action may receive witness fees . . . ." Because Ms. Chow was merely the president and representative of C&L (a party), ATHI cannot recover witness fees, and therefore cannot recover interpreters' fees.

In sum, none of the costs sought in this section should be allowed.

Dated:  September 1, 2016        Respectfully,
         New York, New York

_____
Mitchell M. Wong
The Exeter Law Group LLP
Forty Wall Street, Floor 28
New York, New York 10005
Tel.:   (212) 671-1068
mwong@exeterlawgroup.com

*Counsel for Defendantys*

---

[4]    Even if the costs were taxable, the $1,394.95 sum sought includes items which are not taxable as the cost of a transcript.  Among the impermissible costs are "Exhibit Fees," "Interpreter's Fees," "Draft Transcript (ASCII)" and "Processing Surcharge[s]."